UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSE DARNELL,

                Petitioner,

    v.

JEFFREY A UTTECHT,

               Respondent.

CASE NO. 3:20-CV-05417-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: January 8, 2021

The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. Petitioner Jesse Darnell filed his federal habeas petition, pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 1, 3, 7. The Court concludes that the petition is time-barred and recommends that the petition be dismissed with prejudice.

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his conviction by guilty plea for three counts of first-degree child molestation. Dkt. 13, Exhibit 1.

1  The superior court sentenced petitioner to 98 months to life confinement on March 19, 2019.

2  Dkt. 13, Exhibit 1. Petitioner did not appeal his judgment and sentence in state court. Dkts. 7, 13.

3  On May 3, 2020, petitioner filed the original petition pursuant to § 2254. Dkts. 1, 3.

4  Following the Court's screening of the petition, petitioner filed an amended petition. Dkt. 7.

5  On October 15, 2020, the undersigned directed respondent to file an answer to the

6  amended petition. Dkt. 9. On November 19, 2020, respondent filed an answer, wherein he

7  maintains that the petition is time-barred and should be dismissed with prejudice. Dkt. 12, 13.

8  Petitioner did not file a traverse.

**I.   Discussion**

   *A.  Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

If a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington,* 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, notice of appeal must be filed in the trial court 30 days after the entry of the decision of the trial court. Wash. R. App. P. 5.2. Thus, if a petitioner does

not file a direct appeal, the state court judgment becomes final at the end of the thirty-day period. *See id*; 28 U.S.C. § 2244(d)(1)(A).

Petitioner's judgment and sentence was filed by the clerk on March 15, 2019. Dkt. 13, Exhibit 1 (date the judgment and sentence was filed in open court). Petitioner did not file a direct appeal or collateral challenge in state court. *See id.* Therefore, petitioner's judgment and sentence was final on or about April 15, 2019, the date the time for filing a direct appeal expired. *See* Wash. RAP 5.2(a); *See* CrR 8.1; CR 6(a) (Thirty days from March 15, 2019 is April 14, 2019, which was a Sunday. If the last day is a Saturday, Sunday or legal holiday, "the period runs until the end of the next day which is neither a Saturday, a Sunday, or a legal holiday"—which would be Monday, April 15, 2019). The AEDPA limitations period began running on or about April 16, 2019. *See Corjasso v. Ayers,* 278 F.3d 874 (9th Cir. 2002), *as amended on denial of reh'g* (Feb. 8, 2002) (AEDPA limitations period begins to run the day after the conviction is final). The one-year statute of limitations expired one year later, on or about April 16, 2020.

Petitioner filed the original petition on May 3, 2020, which initiated the case. Dkt. 1, 3. The amended petition was filed August 21, 2020. Dkt. 7. The Court need not address whether the date of the original petition or the amended petition is the date which the clock stopped on the federal statute of limitations because it does not affect the outcome. Applying either date, the petition was filed after the limitations period expired. *See* Dkts. 1, 3, 7.

  B. *Statutory and Equitable Tolling*

The AEDPA limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, petitioner did not file a collateral challenge in state court, and thus, statutory tolling does not apply.

The AEDPA limitations is also subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*,

560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Petitioner does not argue that he is entitled to equitable tolling and fails to demonstrate any extraordinary circumstance which prevented him from filing a timely habeas petition. *See* Dkt. 7. Therefore, petitioner fails to show he is entitled to statutory or equitable tolling, and the petition is barred by the AEDPA limitations period.

**II.     Evidentiary Hearing**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because the petition may be resolved on the existing state court record.

**III.    Certificate of Appealability**

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## IV. Additional Relief

Attached to the amended petition, petitioner also filed a "motion for vicarious exhaustion of state remedies." Dk. 7 at 41-43. To the extent that petitioner attempts to seek any additional relief through this filing, the Court recommends the motion be denied as moot.

## V. Conclusion

The petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
2 | January 8, 2021, as noted in the caption.

Dated this 17th day of December, 2020.

*[signature]*

J. Richard Creatura
United States Magistrate Judge